# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| EZEKIEL HOLBERT, | ) |
| --- | --- |
| Petitioner, | ) |
| -vs- | ) Case No. CIV-19-0041-F |
| JEROLD BRAGGS, | ) |
| Respondent. | ) |

## ORDER

Petitioner Ezekiel Holbert seeks habeas relief under 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction.[1] Petitioner appears *pro se* and his pleadings are liberally construed.

On April 29, 2019, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (the Report, doc. no. 14), recommending the court deny Mr. Holbert's petition for a writ of habeas corpus.

Petitioner filed an objection to the Report. Doc. no. 19. As required by 28 U.S.C. §636(b)(1), the court has reviewed the Report in its entirety and has reviewed all objected to matters *de novo*.

In his first objection, which relates to petitioner's ineffective assistance of counsel claim, petitioner argues the Magistrate Judge should have liberally construed his claim as an attack on the actions of counsel generally rather than as a direct attack against counsel based solely on counsel's alleged failure to follow ABA

---

[1] As stated in the Report and Recommendation (doc. no. 14, p. 2), Mr. Holbert entered a guilty plea on two counts of first-degree murder and three counts of shooting with intent to kill. He entered a plea of *nolo contendere* on a single count of feloniously pointing a firearm.

guidelines. Petitioner argues the magistrate judge erred by not applying the correct standard applicable to *pro se* pleadings, which should be liberally construed to do substantial justice. Petitioner argues the magistrate judge did not apply the rule of Haines v. Kerner, 404 U.S. 519 (1972), as construed in Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). (Bellmon cites Haines for the rule that "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"). The court rejects the arguments made within the first objection to the Report. Although the Report does not cite Haines or Hall and does not specifically address the liberal standards applicable to *pro se* pleadings, it is apparent from the analysis contained within the Report that the magistrate judge applied the correct standard. Furthermore, the undersigned has liberally construed petitioner's pleadings to do substantial justice. Having done so, the court agrees with the result recommended in the Report.

In his second objection petitioner argues the magistrate judge failed to adequately analyze petitioner's ineffective assistance of counsel claim. Petitioner argues the magistrate judge concluded that this claim failed solely because the ABA guidelines are not a basis for habeas relief. The Report, however, does not reject petitioner's ineffective assistance claim solely on the ground that petitioner relied on ABA guidelines. The second objection also contends the magistrate judge made no attempt to apply Strickland v. Washington[2] to the ineffective assistance claim, and asks that the reasonableness of his counsel's actions be analyzed. The Report applies Strickland to the challenged conduct of petitioner's counsel. Moreover, the undersigned finds and concludes that counsel's challenged conduct was reasonable in the circumstances. Petitioner has identified no acts or omissions of counsel that

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

2

were not the result of reasonable professional judgment. Petitioner's arguments made within the second objection are rejected.

In his third objection petitioner argues the magistrate judge failed to analyze his claim that he was coerced into pleading guilty by his sister, who threatened to have him killed if he went to trial. Petitioner argues the magistrate judge erred by recommending denial of relief based on the fact that the government was not a party to this threat. He also contends the magistrate judge erred by relying on <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1470 (10th Cir. 1995), which is distinguishable. Petitioner argues that to deny this claim because government involvement cannot be proved would open a door for a prosecutor to use a third person to violently intimidate a defendant into a plea of guilt. The court rejects these arguments. The magistrate judge analyzed all aspects of petitioner's argument that he was coerced into entering a guilty plea, including but not limited to petitioner's argument about the threat made by his sister. The magistrate judge did not err by citing <u>Miles</u>, including for the proposition that "[F]amily[] urgings do not implicate the due process clause of the Fourteenth Amendment because the influence did not come from the court or the government." <u>Miles</u>, 61 F.3d at 1470.

Having conducted *de novo* review of all of petitioner's objections (whether or not separately addressed in this order), the court rejects petitioner's objections and states that it agrees with the result stated in the Report. Petitioner's objections to the Report are **DENIED**. Doc. no. 19. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Doc. no 14. In accordance with the Report, the petition for habeas relief is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to

different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 2nd day of July, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0041p003.docx